UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TRAVELERS HOME & MARINE INS. CO., :
    Plaintiff, :
     :
v. : 3:12-cv-01501-WWE
     :
Home Depot USA, Inc., :
Homer TLC, Inc., :
    Defendants. :

## MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO REMAND TO STATE COURT

Plaintiff Travelers Home & Marine Insurance Company filed this product liability action in the Superior Court of Connecticut against defendants Home Depot USA, Inc. and Homer TLC, Inc. Defendants sought removal based on diversity jurisdiction. Plaintiff has now moved to remand. For the following reasons, plaintiff's motion to remand will be granted.

### BACKGROUND

This action for damages arose out of a fire that occurred on October 14, 2009. Plaintiff alleges that a dehumidifier purchased from Home Depot caused the fire. Plaintiff further alleges that defendants are liable for the resulting property damage.

Plaintiff served the original state court complaint on February 28, 2012. Defendants contend that "[t]he first time [they] were able to ascertain that the amount in controversy exceeded $75,000 for the purposes of 28 U.S.C. § 1446(b)(3) was when the plaintiff responded to [their] Request to Admit filed by defendant [Home Depot] on October 5, 2012." Defendants removed the case seventeen days later - on October 22, 2012.

On August 8, 2012, plaintiff sent an email to defense counsel with attachments, including a breakdown of payments made by plaintiff totaling $306,756.44. Plaintiff contends that these

documents put defendants on notice that the amount of damages sought exceeded $75,000. As defendants waited more than thirty days to remove the case, plaintiffs assert that removal was untimely pursuant to 28 U.S.C. § 1446.

## DISCUSSION

28 U.S.C. § 1446(b)(3) provides in relevant part:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Despite receiving service of the complaint in February 2012, defendants contend that "[t]he first time [they] were able to ascertain that the amount in controversy exceeded $75,000 for the purposes of 28 U.S.C. § 1446(b)(3) was when the plaintiff responded to [their] Request to Admit filed by defendant [Home Depot] on October 5, 2012."

If the amount of damages sought is not included in the initial pleading, the time for removal runs from the service of the first paper stating on its face the amount of damages sought. Molter v. Starbucks Coffee Co., 624 F.3d 34, 35 (2d Cir. 2010). Thus, the question here is whether the August 8, 2012 email specifies the amount of damages sought. Id. at 38.

Two pages of "damage supports" were attached to the August 8, 2012 email sent to Peter Bowman, counsel for defendants. The document is titled "Financials" and lists Home Depot, Inc. under "Responsible Party Information." A chart labeled "Claimant Summary" lists the amount due at $307,256.44. At the bottom of the second page, $306,756.44 is listed under "Indemnity Net Paid Amount." The insured's deductible of $500 corresponds to the difference between the total amount due and the indemnity paid.

Although defendants "anticipated" that the amount in controversy would exceed $75,000, they purportedly could not ascertain that the matter was subject to removal without further confirmation. Nevertheless, defendants do not address their significant delay in obtaining such confirmation.

In addition, defendants argue that if removal had been attempted prior to plaintiff's response to Home Depot's Request to Admit on October 5, 2012, plaintiff could raise the argument that defendants could not meet their burden of establishing the amount in controversy. Defendants' argument is unpersuasive.

The Court finds that the August 8, 2012 email listing the amount due at over $300,000 allowed defendants to ascertain that the amount in controversy exceeded $75,000 and that the case was removable. As defendants' notice of removal was not filed within the 30 day time limit imposed by 28 U.S.C. § 1446, plaintiff's motion to remand will be granted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand [Doc. #9] is GRANTED.

Dated this 8th day of April, 2013, at Bridgeport, Connecticut.

/s/ Warren W. Eginton, SUSDJ
_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE